**TUANU`UTELE SAI, Claimant,**

**v.**

**SONNY LE`I THOMPSON, TIKERI N. THOMPSON, LEANA MISIUAITA, SOFENI VA`ENA, TAGATA A.T. LE`I and POROTESANO T. TUIOLOSEGA, Counter-claimants.**

**[In re Matai Title Le`i of the Village of Ofu]**

High Court of American Samoa
Land and Titles Division

MT No. 03-98

December 28, 2004

Before KRUSE, Chief Justice, SAGAPOLUTELE, Associate Judge, MAMEA, Associate Judge, and TUPUIVAO, Associate Judge.

Counsel: For Sonny Le`i Thompson, Charles V. Ala`ilima
For Tikeri N. Thompson, Afoafouvale L.S. Lutu

## ORDER DENYING MOTION FOR NEW TRIAL

### Introduction

This matter relates to the Le`i *matai* title vacancy pending since April 8, 2004. This case was tried before the Lands and Titles Division (the "trial court") on March 6-11, 2003. On June 6, 2003, the trial court awarded the Le`i title to counter-claimant Tikeri N. Thompson ("Tikeri"). After an unsuccessful motion for new trial, counter-claimant

Sonny L. Thompson ("Sonny") appealed. On appeal, the Appellate Division (the "appellate court") ruled error below and remanded accordingly. On November 8, 2004, upon addressing the appellate court's concerns, we once again concluded that Tikeri was entitled to hold the Le'i *matai* title. In response, Sonny submitted a motion for new trial on November 17, 2004 pursuant to A.S.C.A. § 43.0802(a), T.C.R.C.P 59, and A.C.R. 4(a)(1). We conclude that because Sonny has not met his burden in showing that a new trial or reconsideration is warranted, his motion should be denied.

## Discussion

■■■ A motion for new trial or reconsideration of a nonjury case should be based upon manifest error of law or mistake of fact. *American Samoa Gov't v. South Pacific Island Airsystems*, 28 A.S.R.2d 170, 171 (Trial Div. 1995). The burden on the moving party is to show substantial reasons that a judgment should be set aside before such relief should be granted. *Id.* A motion for a new trial must clearly notify the trial court of the specific errors being alleged, and a general statement that the court erred as a matter of fact, law, or custom does not fulfill this requirement. *In re Matai Title Mulitauaopele*, 17 A.S.R.2d 75, 79 (Land & Titles Div. 1990). Arguments that could have been made at trial may not be made for the first time either on a motion for new trial or on appeal. *See, e.g., In Re Matai Title Tuaolo*, 28 A.S.R.2d. 137, 139 (Land & Titles Div. 1995).

### I. Additional Evidence

■■■ Sonny argues that we abused our discretion on remand when we failed to conduct further evidentiary hearings on the issues of customary adoption and clan support. We note, however, that "[t]he decision whether to hear additional evidence on remand is within the sound discretion of the trial court judge." *International Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 72 (2d Cir. 1998); *see also Springs Mills, Inc. v. Ultracashmere House Ltd.*, 724 F.2d 352, 355 (2d Cir.1983). As Sonny notes, the appellate court urged us to conduct "proceedings consistent with this opinion." Although Sonny is correct that this mandate did not preclude us from taking additional evidence, nor did it require it. In exercising our discretion not to take additional evidence, our evaluation turned on the adequacy of the trial record and considerations of judicial economy. That Sonny apparently called a hearing and came prepared at that hearing to present witnesses and additional evidence did not alter our conclusion that the underlying trial record itself was already sufficient to address the appellate court's concerns. Indeed, we feel the thorough factual analysis conducted on these issues in our opinion on remand reflects the adequacy of the

record. Consequently, we do not find that our exercise of discretion was based upon manifest error of law or a mistake in fact.

Finally, Sonny interjects yet another brand new argument not earlier raised in these remand proceedings. He contends that this court should have given the parties an opportunity to examine *ex parte* correspondence received by the Chief Justice from a *matai* from Ofu regarding the alleged relationship of associate judges on the appellate panel and the candidates in this case. What bearing this has to the merits of his motion is beyond us, but the communication Sonny alludes to is on file in the Clerk's Office with the Appellate Division. Since the referenced communication deals with concerns regarding the composition of the appellate court, we feel it appropriate to leave the issue, if there is one, to the appellate court as to how to proceed here.

## II. Customary *Matai* Adoption

■ Sonny also argues that it was error for this court to not allow him to present evidence of his alleged "*matai* adoptive status." We observed at trial, and stated on remand, that were such evidence offered, it would have no bearing on the issue of Sonny's hereditary claim. At trial, we concluded that Sonny's unproven proposition that customary *matai* adoption is "well recognized" cannot override legislative enactments, applicable at all relevant times in this case, that nullify *matai* adoption claims not conducted in accordance with statutory procedure. Because Sonny admitted at trial that his *matai* adoption claims did not comport with the statutory requirements applicable at the time of his claim, we concluded that additional evidence would be irrelevant to our findings. Although Sonny once again argues that we should give greater weight to some notion of "Samoan custom," ungrounded in law, than to the will of the legislature, he presents no new arguments indicating that our opinion was based upon manifest error of law or mistake of fact, and in essence makes the insufficient general argument that this court erred as a matter of custom.

## III. Traditional/Sotoa Rule

■ Sonny suggests, but does not actually state, that we erred at trial by not allowing him to present evidence as to whether the *Sotoa* or the traditional rule should apply in this case. Sonny not only mischaracterizes the circumstances at trial, but is also barred from so arguing today. In our opinion on remand, we observed that for a court to apply the *Sotoa* rule, not being a rule of general application, the claimant must provide evidence at trial indicating its applicability to the claimant's family circumstances. Contrary to Sonny's assertion that we did not allow him to prevent such evidence, we have noted that, at trial, Sonny in fact conceded the inappropriateness of the *Sotoa* rule. That is,

273

far from denying Sonny the opportunity to present such evidence, Sonny himself in fact chose not to assert the issue at trial.

■ In turn, recognizing as we did on remand, that new issues may not be raised for the first time on appeal or in a motion for a new trial, we now hold that because the lack of evidence on the trial record with regard to the applicability of the *Sotoa* rule is the direct result of Sonny's failure to argue the issue, Sonny was not only prohibited from raising this issue with the appellate court, but so too is he barred from raising it now before us in his current motion.

■ Finally even were we to consider Sonny's substantive arguments on this issue, Sonny's motion is insufficient. Sonny's current arguments about the applicability of the *Sotoa* rule merely restate the same arguments he made to us on remand, and do not set forth new issues of fact or law to show that we were in error in holding the traditional rule to be applicable. To succeed in a motion for new trial, the movant cannot simply state that it disagrees with the trial court's holding, but must meet the more strenuous burden of showing that the trial court's holding was in error. Because Sonny merely repeats the position he made on remand, along with the accompanying general statement that the court has erred, Sonny has not met his burden.

### Order

For the reasons stated above, we deny Sonny's motion to reconsider or for new trial. It is so ordered.